UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY L. SULLIVAN,<br><br>             Plaintiff,<br><br>      v.<br><br>WALMART/SPARK, Inc.,<br><br>             Defendant. | Case No.  2:23-cv-01397-TLN-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff brings this action against defendant Walmart Inc.  ECF No. 1.  Plaintiff's allegations are frivolous, and I recommend that his complaint be dismissed without leave to amend.  I will grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint fails to state a cognizable claim. Plaintiff requests over five billion dollars in damages, ECF No. 1 at 1, and alleges that a cult that is "politically connected" and affiliated with "LGBTQ" persons broadly has infiltrated various courts, law enforcement agencies, and other arms of government, *id.* at 3. He alleges that the "LGBTQ are responsible for so many

deaths/atrocities . . . ." *Id.* at 3. These claims, construed even in the most generous terms possible, are frivolous and unsuited to proceed. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting that the term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). Little else need be said. The purported existence of a nebulous conspiracy of LGBTQ individuals, embedded in various levels of government and committing atrocities, is so out of step with discernable reality that it can only be deemed fanciful or frivolous. This action should be dismissed.

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend for failure to state a cognizable claim.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 15, 2024

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE